Filed 1/28/22  P. v. Richardson CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL RICHARDSON,<br><br>    Defendant and Appellant. | B308673<br><br>(Los Angeles County<br>Super. Ct. No. PA024559) |

APPEAL from an order of the Superior Court of Los Angeles County.  Cynthia L. Ulfig, Judge.  Affirmed.

Elizabeth Richardson-Royer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Michael Richardson appeals the denial of a petition for resentencing under Penal Code[1] section 1170.95.

Appellant was convicted in 1997 of the first degree murder of Steven McLean (§ 187, subd. (a); count 1) and first degree attempted robbery (§§ 664/211; count 2).[2] The jury found true the special circumstance allegation that the murder was committed while appellant was engaged in the attempted commission of a robbery (§ 190.2, subd. (a)(17)), as well as the principal and personal firearm use allegations (§§ 12022, subd. (a)(1) & 12022.5, subd. (a)(1)). Appellant admitted two prior strike convictions, and the trial court sentenced him to life without the possibility of parole plus a consecutive term of 25 years to life plus 15 years. (*People v. Bates et al.* (June 14, 1999, B115348) [nonpub. opn.] (*Richardson I*).) This court affirmed the judgment on appeal. (*Ibid.*)

On August 26, 2019, appellant filed a petition for resentencing under section 1170.95. The superior court appointed counsel for appellant and the parties submitted briefing. Following a hearing on the petition on October 9, 2020, the superior court determined that appellant was a major participant who acted with reckless indifference to human life, and was therefore ineligible for resentencing relief as a matter of law. The court denied the petition without issuing an order to show cause.

---

[1] Undesignated statutory references are to the Penal Code.

[2] The jury hung on count 3, the robbery of McLean, as well as on the special circumstance allegation that the murder was committed while appellant was engaged in the commission of a robbery.

Appellant contends: (1) The superior court improperly engaged in factfinding at the prima facie stage of the proceeding by weighing the evidence and resolving issues that were not conclusively settled by the record of conviction; and (2) The evidence at trial was insufficient to support the jury's special circumstance finding. We reject appellant's contentions and affirm the superior court's denial of appellant's 1170.95 petition for resentencing.[3]

## FACTUAL BACKGROUND[4]

James Orum owned a home in Northridge, which he shared with Frank Lauifi and Steven McLean. When Orum received $38,000 in settlement of a personal injury claim, he deposited the money in his home safe and told some of his friends about it. One of those friends told someone else about the money, and word eventually reached Johnny Pedraza that Orum's home would make a good robbery target. Pedraza passed the information along to appellant and his codefendant, Marino Bates. Thereafter, appellant, Pedraza, and two others went to the house with plans to rob the occupants. But when no one answered the

---

[3] Appellant also contends that the superior court's finding that appellant was ineligible for relief because he directly aided and abetted the murder was not supported by substantial evidence and violated appellant's Sixth Amendment rights. Because we conclude that the superior court correctly denied appellant's section 1170.95 petition on other grounds, we do not address this contention.

[4] The facts of the underlying offenses are summarized from this court's unpublished opinion in the direct appeal, of which we have taken judicial notice. (*Richardson I, supra,* B115348; Evid. Code, §§ 451, 459.)

door, the venture was abandoned.

On February 20, 1996, appellant and Bates recruited a 14-year-old boy, Roy Molina, to help them rob Orum. That evening around 8:00 p.m., Molina knocked on Orum's door while appellant and Bates, who were wearing masks and carrying guns, hid nearby. Lauifi opened the door and Molina, holding his leg, asked to use the telephone. As Lauifi turned to get his cordless phone, appellant and Bates approached the door. Lauifi slammed the door shut and locked it as appellants tried to force it open. Lauifi grabbed a gun from Orum and locked the windows and doors while Orum called the police.

The police arrived, searched the house, and left after about 20 minutes. Shortly thereafter, McLean returned home and upon hearing what had happened, checked his nine-millimeter semiautomatic gun and returned it to the pack he wore around his waist. Lauifi left the house.

Orum was in the kitchen using the telephone when he heard a loud slam. Suddenly Bates appeared in the kitchen armed with a black nine-millimeter or .45-caliber automatic gun. Holding the gun to Orum's forehead, Bates pushed Orum down to the floor and threatened to kill him if he moved. Sounds of two men struggling came from another room. Bates ordered Orum not to move and ran out of the kitchen. Orum went to his bedroom to call the police and hid in the closet.

Police arrived to find the front door to the house ajar and McLean lying on the living room floor. He had been fatally shot several times from a distance of about five feet. The murder weapon was determined to be a .45-caliber semiautomatic or automatic gun. McLean's nine-millimeter gun was missing. Police found a set of keys and eight one-dollar bills outside of the

4

house.  One of the keys was later found to fit the deadbolt to
Bates's mother's house.

## DISCUSSION

I. **Appellant Is Ineligible for Relief Under Section 1170.95 as a Matter of Law**

A. *Applicable legal principals*

The Legislature enacted Senate Bill No. 1437 to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Gentile* (2010) 10 Cal.5th 830, 842; *People v. Martinez* (2019) 31 Cal.App.5th 719, 723.)  In addition to substantively amending sections 188 and 189 to ensure that a person's sentence is commensurate with his or her criminal culpability, Senate Bill No. 1437 added section 1170.95 to allow a person previously convicted of murder under a felony murder or natural and probable consequences theory to seek resentencing if he or she could no longer be convicted of murder because of the amendments to sections 188 and 189.[5]  (*People v. Lewis* (2021) 11 Cal.5th 952, 957, 959, 971 (*Lewis*)); *Gentile*, *supra*, 10 Cal.5th at pp. 842–843).

---

[5] As amended by Senate Bill No. 775 (Stats. 2021, ch. 551, § 2), section 1170.95 now also applies to persons previously convicted of attempted murder or manslaughter under a felony murder or natural and probable consequences theory. (§ 1170.95, subd. (a).)

5

When a petition for resentencing under section 1170.95 meets the basic requirements set forth in subdivision (b)(1) and (2), the superior court must appoint counsel for petitioner if requested (§ 1170.95, subd. (b)(3)), the prosecutor must then file a response to the petition, and the petitioner may file a reply (*id.*, subd. (c)). After the parties have had an opportunity to submit briefing, the superior court is required to "hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (*Ibid.*; *Lewis*, *supra*, 11 Cal.5th at p. 960.)

In determining whether the petitioner has made a prima facie case for relief, the superior court may consider the petitioner's record of conviction. (*Lewis*, *supra*, 11 Cal.5th at pp. 970–971.) "The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, *supra*, 11 Cal.5th at p. 971.) At the prima facie review stage, the superior court properly denies a petition where the record of conviction demonstrates the petitioner is ineligible for relief as a matter of law. (*Ibid.*; see also *People v. Mancilla* (2021) 67 Cal.App.5th 854, 859, 863–864.) However, in reviewing any part of the record to make its preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved, the superior court must take petitioner's factual allegations as true and may not engage in factfinding. (*Lewis*, at pp. 971–972; *People v. DeHuff* (2021) 63 Cal.App.5th 428, 439–440.)

**B.** *The jury's true finding on the attempted murder special circumstance allegation makes appellant ineligible for relief under section 1170.95 as a matter of law*

With Senate Bill No. 1437's addition of subdivision (e) to section 189, the crime of felony murder is now subject to the same requirements as a special circumstance finding under section 190.2, subdivision (d).[6] (*People v. Superior Court* (*Ferraro*) (2020) 51 Cal.App.5th 896, 907 [" 'the standard under section 189, subdivision (e)(3) for holding a defendant liable for felony murder is [now] the same as the standard for finding a special circumstance under section 190.2[, subdivision ](d), as the former provision expressly incorporates the latter' "]; *In re Taylor* (2019) 34 Cal.App.5th 543, 561.) That is, to be convicted of first degree murder under section 189 as amended, the defendant must have been the actual killer, a direct aider and abettor who acted with the intent to kill, *or* "a major participant in the underlying felony [who] acted with reckless indifference to human life, as described

---

[6] Except for the deletion of the word "felony" in the 1998 amendment to the statute, section 190.2, subdivision (d) remains unchanged from the version in effect in 1997 when appellant was convicted, which provided: "[E]very person, not the actual killer, who, with reckless indifference to human life and as a major participant, aids, abets, counsels, commands, induces, solicits, requests, or assists in the commission of a felony enumerated in paragraph (17) of subdivision (a) which [felony] results in the death of some person or persons, and who is found guilty of murder in the first degree therefor, shall be punished by death or imprisonment in the state prison for life without the possibility of parole if a special circumstance enumerated in paragraph (17) of subdivision (a) has been found to be true under Section 190.4."

7

in subdivision (d) of Section 190.2."  (§ 189, subd. (e); *People v. Farfan* (2021) 71 Cal.App.5th 942, 954 (*Farfan*).)

Here, appellant's jury was instructed pursuant to CALJIC No. 8.80.1 that if it found appellant was not the actual killer, it could not find the attempted robbery-murder special circumstance true unless it was satisfied beyond a reasonable doubt that appellant intended to kill *or* he was a *major participant* in the attempted robbery, *and*, when he participated in the crime, *he acted with reckless indifference to human life*. The jury was further instructed that "[a] defendant acts with reckless indifference to human life when that defendant knows or is aware that his acts involve a grave risk of death to an innocent human being."

Relief under section 1170.95 is available only if the petitioner makes a prima facie showing that he or she "*could not* be convicted of first or second degree murder *because of* changes to Section 188 or 189" made by Senate Bill No. 1437.  (§ 1170.95, subd. (a)(3), italics added; *Farfan, supra*, 71 Cal.App.5th at p. 954; *People v. Allison* (2020) 55 Cal.App.5th 449, 457 (*Allison*).) But the jury's special circumstance finding in this case means it found beyond a reasonable doubt that appellant either had the intent to kill *or* he acted with reckless indifference to human life as a major participant in the attempted robbery.  The jury's true finding on the special circumstance therefore establishes appellant is ineligible for section 1170.95 relief as a matter of law.  (See *Farfan*, at p. 954; *Allison*, at pp. 460–462; *People v. Simmons* (2021) 65 Cal.App.5th 739, 747, 749, review granted Sept. 1, 2021, S270048 (*Simmons*).)

As we noted in our decision in *Farfan, supra*, 71 Cal.App.5th at pages 949 and 955, appellate courts are split on

8

the question of whether a pre-*Banks* and *Clark* felony-murder special circumstance finding makes a petitioner ineligible for section 1170.95 relief as a matter of law.  The issue is pending before our Supreme Court in *People v. Strong*, review granted March 10, 2021, S266606 ["Does a felony-murder special circumstance finding (Pen. Code, § 190.2, subd. (a)(17)) made before *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 preclude a defendant from making a prima facie showing of eligibility for relief under Penal Code section 1170.95?"]  (<https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=2339000&doc_no=S266606&request_token=NiIwLSEmTkw6WyBRSCM9TEhIMFQ0UDxTJSM%2BXzpSUCAgCg%3D%3D> [as of May 26, 2021], archived at <https://perma.cc/P8YS-L3CV>.)[7]  Until our Supreme Court

---

[7] The list of cases on both sides of this split continues to grow.  Those cases in which courts have determined a special circumstance finding does not necessarily preclude relief under section 1170.95 include:  *People v. Gonzalez* (2021) 65 Cal.App.5th 420, 431, review granted August 18, 2021, S269792; *People v. Harris* (2021) 60 Cal.App.5th 939, 956, review granted April 28, 2021, S267802 (*Harris*); *People v. York* (2020) 54 Cal.App.5th 250, 260–261, review granted November 18, 2020, S264954 (*York*); *People v. Smith* (2020) 49 Cal.App.5th 85, 93, review granted July 22, 2020, S262835; *People v. Torres* (2020) 46 Cal.App.5th 1168, 1179, review granted June 24, 2020, S262011 (*Torres*).  Other courts hold that a jury's special circumstance finding renders a petitioner ineligible as a matter of law for relief under section 1170.95.  (See, e.g., *Simmons*, *supra*, 65 Cal.App.5th at pp. 747, 749, rev.gr.; *People v. Nunez* (2020) 57 Cal.App.5th 78, 90, review granted Jan. 13, 2021, S265918 (*Nunez*); *People v. Jones* (2020) 56 Cal.App.5th 474, 478–479,

resolves this disagreement, we stand by our decision in *Nunez* holding that a superior court may deny a section 1170.95 petition after the prima facie review on the ground that a defendant convicted of murder with a felony-murder special-circumstance finding (§ 190.2, subd. (a)(17)) is not, as a matter of law, eligible for resentencing under section 1170.95. (*Nunez, supra*, 57 Cal.App.5th at pp. 83, 90–92, rev.gr.)

Appellant contends that the superior court improperly resolved disputed questions of fact and thereby denied the petition at the prima facie stage in error. Although the superior court did not clearly rely on the jury's special circumstance finding to deny appellant's petition, the ruling was nevertheless correct. At the prima facie stage, the superior court was entitled to examine the record of conviction to determine appellant's eligibility for relief under section 1170.95 as a matter of law. (*Lewis, supra*, 11 Cal.5th at pp. 970–971.) Where, as in this case, such review instantly reveals the existence of a special circumstance finding establishing an intent to kill or major participation in the crime with reckless disregard for human life, the superior court properly denies the petition. Thus, whether the superior court reached its conclusion that appellant is ineligible for resentencing as a matter of law through the jury's special circumstance finding or as a result of impermissible

---

review granted Jan. 27, 2021, S265854 (*Jones*); *Allison, supra*, 55 Cal.App.5th at pages 460–462; *People v. Gomez* (2020) 52 Cal.App.5th 1, 14–15, 17, review granted Oct. 14, 2020, S264033 (*Gomez*); *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1141, review granted Oct. 14, 2020, S264284 (*Galvan*); *People v. Murillo* (2020) 54 Cal.App.5th 160, 168, review granted Nov. 18, 2020, S264978 (*Murillo*).)

factfinding, the court ruled correctly. As our Supreme Court has long recognized, "a ruling will not be disturbed on appeal merely because it was given for a wrong reason, if the ruling would otherwise be correct ' " 'upon any theory of the law applicable to the case,' " ' and ' " 'regardless of the considerations which may have moved the trial court to its conclusion.' " ' " (*People v. Hopson* (2017) 3 Cal.5th 424, 459.)

## II. Appellant May Not Challenge the Sufficiency of the Evidence in Support of the Special Circumstance Finding Under Section 1170.95

Appellant seeks to avoid disqualification for relief under section 1170.95 by challenging the sufficiency of the evidence supporting the jury's special circumstance finding. He thus maintains that the evidence was insufficient to prove he was even *involved* in the second robbery attempt during which McLean was killed, and argues that under the Supreme Court decisions in *Banks*[8] and *Clark*,[9] the evidence cannot sustain a finding that appellant was a major participant in the attempted robbery who acted with reckless indifference to human life. These arguments fail: This court's prior decision in the direct appeal from the conviction squarely rejected appellant's substantial evidence challenge; the felony-murder special circumstance finding precludes section 1170.95 relief even though appellant's conviction predated *Banks* and *Clark*; and a petition under section 1170.95 does not provide a mechanism for a defendant to challenge his or her murder conviction by attacking prior findings of fact.

---

[8] *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*).

[9] *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).

11

**A.** *Appellant's substantial evidence challenge to his conviction for first degree special circumstance murder has already been made and rejected in appellant's direct appeal from the judgment*

In this appeal from the denial of his section 1170.95 petition, appellant asserts that the available evidence from trial suggests that he was *not* involved in the second robbery attempt *at all.* But in his direct appeal from the judgment, appellant made the very same claim, challenging the sufficiency of the evidence "to establish that he was present at Orum's home and/or that he acted with the reckless indifference requisite to a special circumstance finding pursuant to section 190.2, subdivision (d)." (*Richardson I, supra,* B115348.) This court disagreed:

"The jury reasonably could infer from the evidence adduced at trial that Richardson first accompanied Bates to Orum's home for the purpose of committing an armed robbery which was thwarted by Lauifi's slamming the door and locking it. The jury also reasonably could infer that Richardson returned to the house with Bates shortly thereafter, entered it for the same purpose and engaged in a struggle with McLean which ended when Bates entered the room and shot the victim. By participating in an armed home-invasion robbery attempt at premises where the occupants were present, Richardson acted with reckless disregard for human life.

"Richardson reads Pedraza's testimony as establishing that appellants had returned to Pedraza's home prior to the second entry culminating in McLean's murder, and that Richardson could not have made the trip back to Orum's home in time to commit the murder. On the contrary, Pedraza described one return by appellants in which they referred to the first,

attempted robbery by stating Molina had run off and they should have kicked in the door, and to the second robbery-murder incident by stating a gun had gone off at Orum's house. The evidence amply supports Richardson's convictions." (*Richardson I*, *supra*, B115348.)

This court's determination that substantial evidence supported a finding that appellant was present at the attempted robbery during which McLean was killed is now law of the case. (*People v. Gray* (2005) 37 Cal.4th 168, 196–197 [law of the case doctrine precludes multiple appellate review of the same issue in a single case "where the point of law involved was necessary to the prior decision and was ' "actually presented and determined by the court" ' "].)

**B. *The jury's felony-murder special circumstance finding precludes section 1170.95 relief even though appellant's conviction predated the Supreme Court's <u>Banks</u> and <u>Clark</u> decisions***

Appellant argues that the evidence does not support a finding that he was a major participant in the second robbery attempt who acted with reckless indifference to human life as those concepts were clarified first by the United States Supreme Court in *Enmund v. Florida* (1982) 458 U.S. 782 (*Enmund*) and *Tison v. Arizona* (1987) 481 U.S. 137 (*Tison*), and later by the California Supreme Court in *Banks* and *Clark*. Thus, according to appellant, the jury's pre-*Banks* and *Clark* special-circumstance finding does not preclude relief under section 1170.95. We disagree. *Banks* and *Clark* did not create new law, but instead "merely clarified the 'major participant' and 'reckless indifference to human life' principles that existed when defendant's conviction became final." (*In re Miller* (2017) 14 Cal.App.5th 960, 978

(*Miller*); *Allison, supra,* 55 Cal.App.5th at p. 458; *Nunez, supra,* 57 Cal.App.5th at p. 92, rev.gr.; *Jones, supra,* 56 Cal.App.5th at p. 482, rev.gr.)

Following its examination of the two United States Supreme Court decisions in *Enmund* and *Tison,* our Supreme Court set forth a nonexclusive set of factors to aid the determination of whether an individual was a "major participant" in a crime. (*Banks, supra,* 61 Cal.4th at pp. 803–805.) The court held that the totality of the circumstances should be examined when evaluating the extent of participation, explaining that a "major participant" in a robbery is one whose "personal involvement" is "substantial." (*Banks,* at p. 802.) While such a participant "need not be the ringleader" (*People v. Williams* (2015) 61 Cal.4th 1244, 1281), his or her involvement must be "greater than the actions of an ordinary aider and abettor" (*Banks*, at p. 802).

A defendant acts with reckless indifference to human life when he or she "has ' "knowingly engag[ed] in criminal activities known to carry a grave risk of death." ' " (*Banks, supra,* 61 Cal.4th at p. 801.) Specifically, "[t]he defendant must be aware of and willingly involved in the violent manner in which the particular offense is committed, demonstrating reckless indifference to the significant risk of death his or her actions create." (*Ibid.*) In *Clark,* the court put it this way: " 'reckless indifference' . . . encompasses a willingness to kill (or to assist another in killing) to achieve a distinct aim, even if the defendant does not specifically desire that death as the outcome of his actions." (*Clark, supra,* 63 Cal.4th at p. 617.)

To assist appellate review of a jury's reckless indifference finding, *Clark* set out a series of considerations relevant to

14

determining whether a defendant acted with reckless indifference to human life. (*Clark*, *supra*, 63 Cal.4th at pp. 618–622.) But "[j]ust as [the court] said of the factors concerning major participant status in *Banks*, '[n]o one of these considerations is necessary, nor is any one of them necessarily sufficient' " to establish whether a defendant was a major participant who acted with reckless indifference to human life. (*Clark*, at p. 618, quoting *Banks*, *supra*, 61 Cal.4th at p. 803.)

Not only did the *Banks* and *Clark* decisions mark no change in the law, they also did not fundamentally change the meaning of the phrases "major participant" and "reckless indifference to human life." (*Allison*, *supra*, 55 Cal.App.5th at p. 458; *Nunez*, *supra*, 57 Cal.App.5th at p. 92, rev.gr.; *Jones*, *supra*, 56 Cal.App.5th at p. 484, rev.gr.) Rather, the high court in those cases "simply stated what section 190.2, subdivision (d) has always meant." (*Miller*, *supra*, 14 Cal.App.5th at p. 979.) Indeed, our Supreme Court has not required any new jury instruction on the clarifications, and no mandatory language or material changes have been made to the CALJIC or CALCRIM special-circumstance instructions since *Banks* and *Clark* were decided. (Compare CALJIC No. 8.80.1 (1996 rev.) (6th ed. 1996) with CALJIC No. 8.80.1 (Fall 2015 ed.); see also *Nunez*, at p. 92, rev.gr.; *Gomez*, *supra*, 52 Cal.5th at p. 14, fn. 6, rev.gr. [CALCRIM No. 703 before *Banks* and *Clark*]; CALCRIM No. 703 (2020 ed.).) Rather, while both CALJIC No. 8.80.1 and CALCRIM No. 703 now include *optional* language drawn from *Banks* and *Clark* regarding the factors a jury *may consider*, neither *Banks* nor *Clark* held that the trial court has a sua sponte duty to instruct on those factors. (*People v. Price* (2017) 8 Cal.App.5th 409, 450–451 (*Price*) [jury instructions that omit the

15

*Banks* and *Clark* factors are not defective]; *Allison*, at pp. 458–459; Bench Notes to CALCRIM No. 703 (2020 ed.) p. 452.)

In short, as we observed in *Nunez*, "the felony-murder special-circumstance instructions given *post-Banks* and *Clark* do not necessarily differ at all from pre-*Banks* and *Clark* felony-murder special-circumstance instructions—the factors, issues, and questions the *post-* and pre-*Banks* and *Clark* juries consider to make the [major participant/reckless indifference] finding are exactly the same. Accordingly, whether a jury made a *post-* or pre-*Banks* and *Clark* [major participant/reckless indifference] finding, that finding establishes as a matter of law the defendant's ineligibility for relief under section 1170.95 because he was found either to have participated in the specified felony with the intent to kill, *or* he was a major participant who acted with reckless indifference to human life and could still be convicted of murder notwithstanding the changes to section 189." (*Nunez*, *supra*, 57 Cal.App.5th at p. 93, fn. omitted, rev.gr.)

In this regard, we reiterate our disagreement with the decisions in *Torres*, *supra*, 46 Cal.App.5th 1168, rev.gr., *Smith*, *supra*, 49 Cal.App.5th 85, rev.gr., and *York*, *supra*, 54 Cal.App.5th 250, rev.gr. (see also *Harris*, *supra*, 60 Cal.App.5th at pp. 958–959, rev.gr.) because all of these cases misinterpret the scope and effect of *Banks* and *Clark*. (*Nunez*, *supra*, 57 Cal.App.5th at p. 93, rev.gr.; *Jones*, *supra*, 56 Cal.App.5th at p. 484, rev.gr.; *Allison*, *supra*, 55 Cal.App.5th at pp. 458–459.)

According to these courts, because "the factual issues that the jury was asked to resolve [before the *Banks* and *Clark* decisions] are not the same factual issues our Supreme Court has since identified as controlling" (*Smith*, *supra*, 49 Cal.App.5th at p. 93, rev.gr.), such findings should not be treated "as if they

16

resolved key disputed facts" (*ibid.*; *Torres*, *supra*, 46 Cal.App.5th at p. 1180, rev.gr.). *York* went a step further, holding that for purposes of section 1170.95, a pre-*Banks* and *Clark* jury finding that the defendant acted with reckless indifference to human life as a major participant should be treated as if that finding simply did not exist. (*York*, *supra*, 54 Cal.App.5th at p. 258, rev.gr.)

However, contrary to these decisions' holdings, we find "no basis to conclude as a general matter that a pre-*Banks* and *Clark* jury was instructed differently than a *post-Banks* and *Clark* jury, or resolved different factual issues, answered different questions, or applied different standards. The mandatory instructions did not change, and the pre-*Banks* and *Clark* jury necessarily resolved the same factual issues beyond a reasonable doubt that a *post-Banks* and *Clark* jury would necessarily resolve beyond a reasonable doubt." (*Nunez*, *supra*, 57 Cal.App.5th at p. 94, rev.gr.; *Jones*, *supra*, 56 Cal.App.5th at p. 484, rev.gr.; *Allison*, *supra*, 55 Cal.App.5th at pp. 458–459.)

We therefore reject the approach taken by the courts in *Torres*, *Smith*, and *York*, and decline to proceed as though the jury's special-circumstance findings simply did not exist. Indeed, as we noted in *Nunez*, "jury findings in a final judgment are generally considered to be valid and binding unless and until they are overturned by collateral attack, regardless of whether they were subjected to appellate review. Nothing in *Banks* or *Clark* supports the automatic invalidation or disregard of such findings by a properly instructed jury." (*Nunez*, *supra*, 57 Cal.App.5th at p. 94, rev.gr.)

17

**C.** *Appellant may not challenge his murder conviction by relitigating prior findings of fact in a section 1170.95 proceeding*

We have previously held that a jury's findings that the defendant was a major participant who acted with reckless disregard for human life may not be relitigated in a section 1170.95 proceeding. (*Nunez, supra*, 57 Cal.App.5th at pp. 83, 95–96, rev.gr.) In so holding we have agreed with other appellate courts that a section 1170.95 petition is not the appropriate vehicle for a person convicted prior to *Banks* and *Clark* to challenge a felony-murder special circumstance, which must first be challenged by way of habeas corpus or other available collateral attack. (*Nunez, supra*, at p. 83, citing *Allison, supra*, 55 Cal.App.5th at pp. 458, 461; *Murillo, supra*, 54 Cal.App.5th at p. 168, rev.gr.; *Galvan, supra*, 52 Cal.App.5th at p. 1142, rev.gr.; and *Gomez, supra*, 52 Cal.App.5th at pp. 16–17, rev.gr.; accord, *Simmons, supra*, 65 Cal.App.5th at pp. 748–749, rev.gr.; *Jones, supra*, 56 Cal.App.5th at p. 482, rev.gr.)

Senate Bill No. 1437 contains no indication in its text or history that the Legislature intended to permit defendants to challenge their murder convictions by attacking prior findings of fact. Indeed, the Legislature made plain that its purpose in enacting section 1170.95 was to give defendants the benefit of the amendments to sections 188 and 189 in the absence of a factual basis for a murder conviction in light of the statutory revisions. As the court in *Allison* observed, "subdivision (a)(3) of section 1170.95 says nothing about erroneous prior findings or the possibility of proving contrary facts if given a second chance. Rather, it requires that the petitioner could not be convicted of murder *because of the changes to sections 188 and 189*, not

18

*because a prior fact finder got the facts wrong*." (*Allison, supra,* 55 Cal.App.5th at p. 461.)

Accordingly, as we held in *Nunez*, a defendant whose pre-*Banks* and *Clark* special-circumstance finding cannot withstand *post-Banks* and *Clark* scrutiny should seek relief by way of a petition for habeas corpus in which the petitioner would properly bear the burden of proof.[10] (*Nunez, supra,* 57 Cal.App.5th at pp. 95–96; *Jones, supra,* 56 Cal.App.5th at pp. 482–483, rev.gr.; *Murillo, supra,* 54 Cal.App.5th at p. 168, rev.gr.; *Galvan, supra,* 52 Cal.App.5th at p. 1142, rev.gr. ["If [appellant] is entitled to relief based on *Banks* and *Clark*, the avenue for such relief is not section 1170.95, but a petition for writ of habeas corpus"].)

---

[10] In light of our holding, we need not address respondent's alternative contention that a *Banks/Clark* legal analysis to determine whether the special circumstance finding was supported by substantial evidence may be conducted by the superior court as part of the prima facie analysis or on de novo review by the reviewing court. (See *People v. Law* (2020) 48 Cal.App.5th 811, 822, 825, review granted July 8, 2020, S262490; *Murillo, supra,* 54 Cal.App.5th at pp. 169–173, rev.gr.; see also *People v. Pineda* (2021) 66 Cal.App.5th 792, 795, 801–802, review granted Sept. 29, 2021, S270513; *People v. Secrease* (2021) 63 Cal.App.5th 231, 236, 255–256 ["As is always the case with sufficiency-of-the-evidence review, the application of *Banks* and *Clark* to a given set of facts ultimately presents an issue of law"], review granted June 30, 2021, S268862.)

## DISPOSITION

The superior court's order denying relief under Penal Code section 1170.95 is affirmed.

NOT TO BE PUBLISHED.


LUI, P. J.

I concur:


CHAVEZ, J.

*People v. Richardson*, B308673

ASHMANN-GERST, J., Concurring in the judgment.


I agree with the majority that the trial court properly denied defendant Michael Richardson's petition for resentencing under Penal Code section 1170.95.[1]  In finding the special circumstance (§ 190.2, subd. (a)(17)) true, the jury necessarily found either that defendant was an aider and abettor who harbored an intent to kill or a major participant who acted with reckless indifference to human life, findings that would make him guilty of murder under the amended law.  (See §§ 189, subd. (e)(3), 1170.95, subd. (a).)  Either finding makes defendant ineligible as a matter of law.  (*People v. Farfan* (2021) 71 Cal.App.5th 942, 954 ["the jury's true finding on the special circumstance establishes appellant is ineligible for section 1170.95 relief as a matter of law"].)

And, the jury's special circumstance finding is supported by substantial evidence through the prism of *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522.  (See, e.g., *People v. Secrease* (2021) 63 Cal.App.5th 231, 255, review granted June 30, 2021, S268862.)

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

Pursuant to my concurring opinion in *People v. Nunez* (2020) 57 Cal.App.5th 78, 97–99, review granted January 13, 2021, S265918, I do not join in the majority's conclusion that the jury's finding "must first be challenged by way of habeas corpus or other available collateral attack." (Maj. Opn., at p. 18.)


_____, J.
ASHMANN-GERST

2